IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA, )
)
             Plaintiff, )
)
    v. )    Criminal Action No. 07-123-SLR
)
TARIREEF WHITE, )
)
             Defendant. )

## **JOINT PROPOSED REQUEST FOR JURY INSTRUCTIONS**

COLM F. CONNOLLY
United States Attorney

Martin C. Meltzer
Special Assistant United States Attorney
1007 Orange Street, Suite 700
Wilmington, DE 19899-2046
(302) 573-6277

Eleni Kousoulis, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, DE 19801
Attorney for Defendant White

Dated: January 7, 2008

## TABLE OF CONTENTS

PAGE

PRELIMINARY INSTRUCTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

GENERAL
INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

JURORS' DUTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

PRESUMPTION OF INNOCENCE
BURDEN OF PROOF
REASONABLE DOUBT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

EVIDENCE DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

CONSIDERATION OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-

DIRECT AND CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . -17-

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -18-

OPINION EVIDENCE -- THE EXPERT WITNESS . . . . . . . . . . . . . . . . . . . . . . . . . -20-

DEFENDANT'S ELECTION NOT TO TESTIFY (GOVERNMENT'S REQUEST) . . . . . . -21-

DEFENDANT'S ELECTION NOT TO TESTIFY (DEFENDANT'S REQUEST) . . . . . . . . -22-

DEFENDANT'S TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -23-

TESTIMONY OF LAW ENFORCEMENT OFFICERS . . . . . . . . . . . . . . . . . . . . . . . -24-

NATURE OF THE CHARGES
INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -25-

POSSESSION OF FIREARM BY A FELON
ELEMENTS OF THE OFFENSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -26-

UNANIMITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -27-

STIPULATION REGARDING
DEFENDANT'S PRIOR FELONY CONVICTION . . . . . . . . . . . . . . . . . . . . . . . . . . -28-

"FIREARM" - DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -29-

ACTUAL AND CONSTRUCTIVE POSSESSION . . . . . . . . . . . . . . . . . . . . . . . . . . -30-

"KNOWINGLY" - DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -32-

## TABLE OF CONTENTS CONTINUED

**PAGE**

INFERRING REQUIRED MENTAL STATE .................................... -33-

"INTERSTATE COMMERCE" - DEFINED .................................... -34-

"ON OR ABOUT" -- PROOF OF .......................................... -35-

DELIBERATIONS AND VERDICT
INTRODUCTION ...................................................... -36-

UNANIMOUS VERDICT ................................................. -37-

DUTY TO DELIBERATE ............................................... -38-

PUNISHMENT ........................................................ -39-

VERDICT FORM ...................................................... -40-

PROPOSED VERDICT FORM ............................................. -41-

# PRELIMINARY INSTRUCTIONS

**Members of the jury**:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

## **Duty of Jury**

It will be your duty to find from the evidence what the facts are. You, and you alone, are the judges of the facts. You will then have to apply to those facts the law as I will give it to you. You must follow that law whether you agree with it or not.

Nothing I may say or do during the course of the trial is intended to indicate nor should be taken by you as indicating what your verdict should be.

## Evidence

The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other things received into the record as exhibits, and any facts the lawyers agree or stipulate to or that the court may instruct you to find.

The following things are not evidence and must not be considered by you:

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If I instruct you that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that I have excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but have in mind that you may consider both kinds of evidence.

-3-

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness' testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

## Rules for Criminal Cases

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, a defendant is presumed innocent unless proven guilty. The indictment against the defendant brought by the government is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

Second, the burden of proof is on the government throughout the case. A defendant does not have the burden of proving his innocence, or to present any evidence, or to testify. Since the defendant has the right to remain silent, the law prohibits you in arriving at your verdict from considering that the defendant may not have testified.

Third, in order to prove the defendant guilty, the government must prove his guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

## Summary of Applicable Law

In this case the defendant is charged with being a person prohibited from possessing a firearm or who was in possession of a firearm. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence I will now give you a brief summary of the elements of the offense that the government must prove to make its case.

In Count I, the Indictment charges that the defendant knowingly possessed in and affecting commerce a firearm, specifically, a firearm, that is, a Glock Model 23, .40 caliber S&W. Serial No. AVT93OUS; and that he did so after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year in the Superior Court in and for New Castle County Delaware, in violation of title 18 United States Code, Sections 922(g)(1) and 924(a)(2).

The essential elements of this offense, each of which the government must prove beyond a reasonable doubt are:

**FIRST**:    That, prior to the date of the offense alleged in the Indictment, the defendant had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

**SECOND**:    That the defendant knowingly possessed the firearm charged in the Indictment;

**THIRD**:    The possession of the firearm was in or affecting interstate commerce.

### (DEFENDANT OBJECTS TO THE ABOVE CHARGE)

-6-

## **Conduct of the Jury**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case, even with each other. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any conclusion about the matters in issue until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes. If you do take notes, leave them in the jury room when you leave at night. And remember that they are for your own personal use -- they are not to be given or read to anyone else.

## **Course of the Trial**

The trial will now begin. First, the prosecutor will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the defendant's attorney may, but does not have to make an opening statement. Opening statements are neither evidence nor arguments.

The government will then present its witnesses and counsel for defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

## GENERAL

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

*See* Sixth Circuit Pattern Criminal Jury Instructions, § 1.01 (citation omitted).

## JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

*See* Sixth Circuit Pattern Criminal Jury Instructions, § 1.02 (citation omitted).

-10-

## PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT

The defendant Tarireef White pleaded not guilty to the offense charged. The defendant is presumed to be innocent. The defendant started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with the defendant unless and until the government has presented evidence that overcomes that presumption by convincing you that the defendant is guilty of the offense charged beyond a reasonable doubt. The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that the defendant is guilty and this burden stays with the government throughout the trial.

In order for you to find the defendant guilty of the offense charged, the government must convince you that the defendant is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offense) charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason,

-11-

logic, common sense, or experience. It is a doubt that an ordinary reasonable person has

after carefully weighing all of the evidence, and is a doubt of the sort that would cause

him or her to hesitate to act in matters of importance in his or her own life. It may arise

from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government

proved each and every element of the offense charged beyond a reasonable doubt, you

should return a verdict of guilty for that offense. However, if you have a reasonable

doubt about one or more of the elements of the offense charged, then you must return a

verdict of not guilty of that offense.

## Comment

See 1A O'Malley § 12.10. For variations in other Circuits, see First Circuit § 3.02;
Eighth Circuit §§ 3.05-3.08, 3.11; Ninth Circuit §§ 3.2, 3.5.

It is imperative that the trial judge accurately define the government's burden of
proof and the meaning of "beyond a reasonable doubt." As long as these concepts are
accurately conveyed to the jury, there are no specific words that must be used. See, e.g.,
*United States v. Dufresne*, 58 Fed. Appx. 890 (3d Cir. 2003); *United States v. Hernandez*,
176 F.3d 719 (3d Cir. 1999). This instruction is modeled after the instructions the Third
Circuit approved in these cases.

In *United States v. Issac*, 134 F.3d 199 (3d Cir. 1998), the Third Circuit considered
a challenge to the district court's instructions on reasonable doubt. Specifically, the
district court gave the so-called "two inference" instruction, as follows: "So if the jury
views the evidence in the case as reasonably permitting either of two conclusions, one of
innocence, the other of guilt, the jury should, of course, adopt the conclusion of
innocence.BOL 64 \f "WP TypographicSymbols" \s 12 134 F.3d at 202. The Third
Circuit in *Issac* first noted that in *United States v. Jacobs*, 44 F.3d 1219, 1226 & n. 9 (3d
Cir.), *cert. denied*, 514 U.S.1101 (1995), it "urged trial courts to heed the Second Circuit's
criticism of the "two-inference" instruction when it is specifically brought to their

-12-

attention." (The Court's reference to the Second Circuit was to *United States v. Inserra*, 34 F.3d 83, 91 (2d Cir.1994), which held that the "two-inference" instruction is improper because it "may mislead a jury into thinking that the government's burden is somehow less than proof beyond a reasonable doubt,"quoting *United States v. Khan*, 821 F.2d 90, 93 (2d Cir.1987)). The Third Circuit in *Issac* continued, "Although we disapproved of the "two-inference" instruction in *Jacobs*, we did not hold that the instruction was so constitutionally deficient *per se* that it infected the entire instruction on reasonable doubt. 44 F.3d at 1226." Ultimately, the Third Circuit upheld the instruction in *Issac*, because "this deficiency was rectified by the remainder of the reasonable doubt instruction." 134 F.3d at 202. Courts are, nevertheless, advised to instruct in accordance with the instruction above and to refrain from using the "two-inference" instruction.

If the defense  presented an affirmative defense (one which does not seek to refute one of the elements of the offense(s) charged), as to which the law places the burden of persuasion on the defense, the second and third paragraph of this instruction should be modified to read as follows:

> The prosecution always has the burden or obligation to prove each and every element of the offense*(s)* charged beyond a reasonable doubt.  The defendant*(s) (name)* is *(are)* presumed to be innocent of the charge*(s)*.  The law does not impose on the *(name)* the burden of proving *(his) (her) (their)* innocence or of disproving any of the elements of the offense*(s)* charged.

> The defendant*(s) (name)* in this case has *(have)*, however, asserted the defense of *(state the affirmative defense that the defendant(s) asserted)*.  This is what the law calls an "affirmative defense."  This affirmative defense does not require *(name)* to disprove any element of the offense*[s]* charged, but it does require the defense to prove certain other facts that the law recognizes as a sufficient reason to find *(name)* not guilty.

> You must consider the evidence presented by *(name)* in deciding if the government has proved the elements of the offense beyond a reasonable doubt.  If you find that the government has proved each and every element of the offense*(s)* charged beyond a reasonable doubt, and only after you have made that finding, then you should decide whether *(name)* has proved the facts necessary to establish *(his) (her)* affirmative defense of *(state the affirmative defense raised)*.  To find that *(name)* has proved this affirmative defense, you must find that *(name)* has proved the elements of that defense by *(state the burden of proof by which the defendant must prove the specific affirmative defense raised in this case)*.

*See, e.g., Patterson v. New York*, 432 U.S. 197, 206 (1977) ("In convicting Patterson under its murder statute, New York did no more than *Leland v. Oregon*, 343 U.S. 790 (1952) and *Rivera (v. Delaware*, 429 U.S. 877 (1976) permitted it to do without violating the Due Process Clause. Under those cases, once the facts constituting a crime are established beyond a reasonable doubt, based on all the evidence including the evidence of the defendant's mental state, the State may refuse to sustain the affirmative defense of insanity unless demonstrated by a preponderance of the evidence.").
you beyond a reasonable doubt that he is guilty.

## **EVIDENCE DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

In addition, the Indictment is not evidence. It is merely the formal manner of accusing a person of a crime in order to bring him to trial. You must not consider the Indictment as any evidence of the guilt of the defendant, or draw any inference of guilt from it.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

*See* Sixth Circuit Pattern Criminal Jury Instructions, § 1.04 (citation omitted).

## **CONSIDERATION OF EVIDENCE**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

*See* Sixth Circuit Pattern Criminal Jury Instructions, § 1.05 (citation omitted).

-16-

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

*See* Sixth Circuit Pattern Criminal Jury Instructions, § 1.06 (citation omitted).

## CREDIBILITY OF WITNESSES

You, the jurors, are the sole judges of the credibility, or the believability, of the witnesses you have seen during the trial and the weight their testimony deserves.

You should carefully scrutinize all the testimony each witness has given and every matter of evidence which tends to show whether he or she in unworthy of belief. Consider each witnesses' intelligence, motive, and state of mind, as well as his or her demeanor while on the stand. Consider the witness' ability to observe the matters as to which he or she has testified and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to each side of the case, the manner in which each witness might be affected by the verdict, the interest any witness may have in the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Discrepancies in the testimony of different witnesses may, or may not, cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently. Likewise, the testimony of a witness may be discredited or impeached by showing that the witness has made an incorrect statement or has given a prior statement or testimony which is inconsistent with his or her testimony at this trial. It is your job as jurors to determine whether an incorrect statement or prior inconsistent statement discredits the witness' testimony.

-18-

But bear in mind that an innocent misrecollection is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or to an unimportant detail, and whether the discrepancy results from an innocent error or an intentional falsehood.

Adapted: Pattern Civil Jury Instructions, 5th Circuit, § 2.16, 1 L. Sand, et al., Modern Federal Jury Instructions at 7-16.

## OPINION EVIDENCE -- THE EXPERT WITNESS

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those witnesses who are described as "expert witnesses." An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he claims to be an expert.

Here, Special Agent Scott Curley and Forensic Latent Print Examiner Rodney Hegman testified as experts in this case. You should consider the expert opinion received in evidence in this case and give it such weight as you may think it deserves. You should consider the testimony of an expert witness just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.

As I have told you several times, you -- the jury -- are the sole judges of the facts of this case.

1A O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 14.01 (5th ed. 2000).

**Government's Request:**

## DEFENDANT'S ELECTION NOT TO TESTIFY

The defendant, Tarireef White, did not testify (and did not present evidence in this case). A defendant has an absolute right not to testify or to present any evidence. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent. You must not attach any significance to the fact that the defendant did not testify. You must not draw any adverse inference against him because he did not take the witness stand. Do not consider, for any reason at all, the fact that the defendant did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

Draft Model Criminal Jury Instructions, 3d Circuit, § 4.27.

**Defense Request:**

**DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE**

The defendant did not testify (or present evidence) in this case.  Since the defendant is presumed to be innocent and since the burden of proof remains on the Government throughout the trial and never shifts to the defendant, a defendant has an absolute right not to testify (or present evidence).

You must not hold the defendant's exercise of his constitutional right to remain silent against him.  Furthermore, it would be improper and unfair for you to try and discuss or to speculate as to why he has not testified.  Most importantly, you must not infer any guilt whatsoever from his decision not to testify.  No adverse inference against the defendant may be drawn by you because he did not take the witness stand.

Remember that it is up to the Government to prove the defendant guilty beyond a reasonable doubt, The defendant is never required to prove that he is innocent.

*See* Griffin v. California, 380 U.S. 609, 613 (1965); Ferguson v. Georgia, 365 U.S. 570, 594 (1961); United States v. Mitchell, 122 F.3d 185 (3d. Cir. 1997), rev'd on other grounds, 526 U.S. 314 (1999).

IF REQUESTED BY EITHER PARTY:

### **DEFENDANT'S TESTIMONY**

You have heard the defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating the defendant's testimony. You should evaluate and consider his testimony just as you would any other witness.

*See* Sixth Circuit Pattern Criminal Jury Instructions §7.02B.

## TESTIMONY OF LAW ENFORCEMENT OFFICERS

You have heard the testimony of law enforcement officers, including ATF agents and Wilmington police officers. The fact that a witness may be employed as a law enforcement officer does not mean that his testimony is necessarily deserving of more or less consideration, or greater or lesser weight than that of any other witness.

## DEFENSE REQUEST (GOVERNMENT OPPOSES)

**At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.**

It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and whether to give that testimony whatever weight, if any, you find it deserves.

1 L. Sand, et al., *Modern Federal Jury Instructions,* § 7-16 (adapted).

## **NATURE OF THE CHARGES**

## **INTRODUCTION**

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crime that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crime charged in the Indictment.  Your job is limited to deciding whether the Government has proved the particular crime charged was committed by the defendant.

*See* Sixth Circuit Pattern Criminal Jury Instructions § 2.01 (citation omitted).

## POSSESSION OF FIREARM BY A FELON
### ELEMENTS OF THE OFFENSE

Count I of the Indictment charges the defendant with Possession of a Firearm by a Convicted Felon. For you to find the defendant guilty of this charge, the Government must prove each of the following elements beyond a reasonable doubt:

**FIRST:** That, prior to the date of the offense alleged in the Indictment, the defendant had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

**SECOND:** That the defendant knowingly possessed the firearm charged in the Indictment, that is, a Glock Model 23, .40 caliber S&W. Serial No. AVT93OUS; and

**THIRD:** That the firearm had passed in interstate commerce.

*See United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000).

-26-

## **UNANIMITY**

The Indictment alleges possession of a firearm by a felon.  When reaching a verdict, you must be unanimous that he possessed the firearm.

## STIPULATION REGARDING
## DEFENDANT'S PRIOR FELONY CONVICTION

With regard to the first element, the existence of a prior felony conviction, the parties have stipulated that the defendant was convicted of a crime in the United States District Court for the District of Delaware, and that this crime was a felony, punishable by imprisonment for a term exceeding one year. The parties also have stipulated that this felony conviction occurred prior to the time that the defendant is alleged to have possessed the firearm charged in the Indictment.

I instruct you, in this connection, that the prior conviction that is an element of the charge here, and is not disputed, is only to be considered by you for the fact that it exists, and for nothing else. You are not to consider it for any other purpose, nor may you speculate as to what it was for.

*See* 2 L. Sand, *et al.*, *Modern Federal Jury Instructions*, § 35-48.

-28-

## **"FIREARM" - DEFINED**

The term "firearm" means any weapon which will, or is designed to, expel a projectile by the action of an explosive.

*See* 18 U.S.C. § 921(a)(3)(A) (in pertinent part).

## ACTUAL AND CONSTRUCTIVE POSSESSION

Next, I want to explain something about possession. The Government does not necessarily have to prove that the defendant physically possessed the firearm charged in the Indictment for you to find him guilty of this crime. The law recognizes two kinds of possession - actual possession and constructive possession. Either one of these, if proved by the Government, is enough to convict.

To establish actual possession, the Government must prove that the defendant had direct, physical control over the firearm and knew that he had control of it.

To establish constructive possession, the Government must prove that the defendant had the right to exercise physical control over the firearm and knew that he had this right, and that he intended to exercise physical control over it at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

The Government does not have to prove that the defendant was the only one who had possession of the firearm. Two or more people can together share actual or constructive possession over property. And if they do, both are considered to have possession as far as the law is concerned.

But understand that just being present where something is located does not equal possession. The Government must prove that the defendant had actual or constructive possession of the firearm and knew that he did for you to find him guilty of this crime.

-30-

You should also understand that ownership and possession are two distinct concepts, and that the Government does not have to prove that the defendant owned the firearm. The Government only has to prove that the defendant had actual or constructive possession, as I have explained those terms for you here.

This, of course, is all for you to decide.

*See* Sixth Circuit Pattern Jury Instruction §§ 2.10, 2.11 (modified to add ownership versus possession concept).

## **"KNOWINGLY" - DEFINED**

The Government must prove that the defendant "knowingly" possessed the firearm charged in the Indictment. This means that the defendant possessed the firearm purposely and voluntarily, and not by accident or mistake. It also means that he knew that the firearm was a firearm, as we commonly use the word. However, the Government is not required to prove that the defendant knew that he was breaking the law by possessing the firearm, or that the defendant possessed the firearm with the intent to cause harm.

*See* 2 L. Sand, *et al.*, *Modern Federal Jury Instructions*, § 35-49; *United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000).

## INFERRING REQUIRED MENTAL STATE

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

*See* Sixth Circuit Pattern Criminal Jury Instructions §2.08.

-33-

## **"INTERSTATE COMMERCE" - DEFINED**

To satisfy the third element, the Government must prove that at some point prior to the defendant's possession of the firearm charged in the Indictment, the firearm had traveled in interstate commerce. It is sufficient for the Government to satisfy this element by proving that at any time prior to the date charged in the Indictment, the firearm crossed a state line. It is not necessary that the Government prove that the defendant himself carried the firearm across a state line, nor must the Government prove who carried the firearm or how it was transported. It is also not necessary for the Government to prove that the defendant knew that the firearm had traveled through interstate commerce.

Proof that the firearm was manufactured outside of the State of Delaware and traveled into the State of Delaware is sufficient to satisfy this element.

*See* 2 L. Sand, *et al.*, *Modern Federal Jury Instructions*, § 35-50; *Scarborough v. United States*, 431 U.S. 563, 567 (1977); *United States v. Singletary*, 268 F.3d 196, 198, 200 (3d Cir. 2001).

## **"ON OR ABOUT" -- PROOF OF**

You will note the Indictment charges that the offense was committed on "on or about" August 28, 2007. The Government does not have to prove with certainty that the alleged crime occurred on that date. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the crime was committed on a date reasonably near the date alleged.

*See* Sixth Circuit Pattern Criminal Jury Instructions §2.08.

## DELIBERATIONS AND VERDICT

### INTRODUCTION

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

*See* Sixth Circuit Pattern Criminal Jury Instructions, § 8.01 (citation omitted).

-36-

## **UNANIMOUS VERDICT**

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find the defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

After you have reached unanimous agreement as to the guilt or innocence of the defendant with respect to the charge in the Indictment, you then return to the courtroom. Your foreperson, who by custom of this Court is the No. 1 juror, _____, in answer to a question asked by the Clerk, will give your verdict of either "Not Guilty" or "Guilty" with respect to the charge in the Indictment.

*See* Sixth Circuit Pattern Criminal Jury Instructions, § 8.03A (adapted) (citation omitted).

## **DUTY TO DELIBERATE**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the defendant guilty beyond a reasonable doubt.

*See* Sixth Circuit Pattern Criminal Jury Instructions, § 8.04 (citation omitted).

## **PUNISHMENT**

If you decide that the Government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved the defendant guilty beyond a reasonable doubt.

*See* Sixth Circuit Pattern Criminal Jury Instructions § 8.05 (citation omitted).

## <u>VERDICT FORM</u>

I have prepared a verdict form that you should use to record your verdict. The form will be given to the foreperson.

If you decided that the Government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson make the appropriate place on the form. Each of you should then sign the form, and the foreperson should date it beneath your signatures and return it to me in court.

*See* Sixth Circuit Pattern Criminal Jury Instructions § 8.06 (citation omitted).

## PROPOSED VERDICT FORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 07-123-SLR |
| | ) | |
| TARIREEF WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

## VERDICT FORM

As to Count 1, charging the Defendant with possession of a firearm by a convicted felon, we the jury find the Defendant

_____ Not Guilty                    _____ Guilty.


_____            _____
Jury Foreman                            Juror


_____            _____
Juror                                   Juror


_____            _____
Juror                                   Juror

-41-

_____        _____
Juror                                  Juror


_____        _____
Juror                                  Juror


_____        _____
Juror                                  Juror


Dated: _____    _____ , 2008

                              Respectfully submitted,

                              COLM F. CONNOLLY
                              United States Attorney

                              By: _____
                              Martin C. Meltzer
                              Special Assistant United States Attorney
                              1007 Orange Street, Suite 700
                              Wilmington, DE 19899-2046
                              (302) 573-6277


                              _____
                              Eleni Kousoulis, Esquire
                              Federal Public Defender's Office
                              704 King Street, Suite 110
                              Wilmington, DE 19801
                              (302) 573-6010

                              Attorney for Defendant White


Dated:  January 7, 2008

                              -42-