## UNITED STATES OF AMERICA v. TARIREEF WHITE

### Crim. No. 07-123-SLR

### PRELIMINARY JURY INSTRUCTIONS

**Members of the Jury:**

Now that you have been sworn, I have the following preliminary instructions for guidance on your role as jurors in this case.

**Duty of Jury**

It will be your duty to find what the facts are from the evidence as presented at the trial. You, and you alone, are the judges of the facts. You will have to apply those facts to the law as I will instruct you at the close of the evidence. You must follow that law whether you agree with it or not.

You are the judges of the facts. I will decide which rules of law apply to this case.

Nothing I say or do during the course of the trial is intended to indicate what your verdict should be.

**Evidence**

The evidence from which you will find the facts will consist of the testimony of witnesses, and documents and other things admitted into evidence. In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you.

Certain things are not evidence.

1. Statements, arguments, and questions by lawyers are not evidence. Objections to questions are not evidence. Lawyers have an obligation to their clients to

make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the rules of evidence. You should not be influenced by a lawyer's objection or by my ruling on the objection. If I sustain or uphold the objection, and find the matter is not admissible, you should ignore the question or other item of evidence. If I overrule an objection and allow the matter in evidence, you should consider the testimony or other item of evidence as you would any evidence. If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider the evidence for that purpose only. If this does occur during the trial, I will try to clarify this for you at that time.

2. Anything you see or hear outside the courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the courtroom. In judging the facts, it will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.

**Burden of Proof**

This is a criminal case. There are some basic rules about a criminal case that you must keep in mind.

First, the defendant is presumed innocent until proven guilty. The indictment brought by the government against the defendant is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant, therefore, starts with a clean slate.

Second, the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his innocence or to present any evidence

or to testify. Since the defendant has the right to remain silent, the law prohibits you, in arriving at your verdict, from considering that the defendant may not have testified.

Third, the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later. But bear in mind that in this respect a criminal case is different from a civil case.

It is my job to decide questions of law, not yours. Your job is limited to deciding whether the government has proven that the defendant is guilty of the particular crime charged beyond a reasonable doubt.

**Conduct of the Jury**

Now, a few words about your conduct as jurors.

First, during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, bring it to my attention promptly. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about the case.

We also ask you to wear your juror identification tags where people can see them, so persons involved in the case don't accidently engage you in conversation. Even if it is innocent conversation, it might draw into question your impartiality. So please make sure that people can identify you as jurors in the case.

Do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there may be a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on

your own into matters relating to the case.

Finally, do not reach any conclusion as to the issues presented until all of the evidence has been admitted. Keep an open mind until you start your deliberations at the end of the case.

**Course of the Trial**

The trial will now begin. First, the government will make an opening statement. An opening statement is neither evidence nor argument. It is an outline of what that party intends to prove and is presented to help you follow the evidence as it is offered. Next, the defendant's attorney may, but does not have to, make an opening statement.

After the opening statements, the government will present its witnesses, and counsel for defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses on his behalf. The government then may cross-examine these witnesses.

Because a defendant is presumed innocent and the burden of proof remains on the government throughout the trial to prove the defendant's guilt, a defendant has an absolute right not to testify.

You should not hold a defendant's exercise of his constitutional right to remain silent against him. Furthermore, it would be improper and unfair for you to try to discuss or to speculate about why he opted not testify. Most importantly, you must not infer any guilt whatsoever from a defendant's decision not to testify. He is entitled to put the government to its burden of proof.

After all of the evidence is presented, the attorneys will make closing

arguments to summarize and interpret the evidence for you. I will give you instructions on the law and describe for you the matters you must resolve. You will then retire to the jury room to deliberate on your verdict.